# LAWRENCE P. BYRNE v. GREAT NORTHERN RAILWAY COMPANY.[1]

## June 3, 1910.

## Nos. 16,514—(84).

**Evidence insufficient to justify reversal.**

> The evidence presented in the record *held* not so far conclusive against plaintiff's right of recovery as to justify the reversal of an order of the court below denying a motion for judgment notwithstanding the verdict.

Action in the district court for Ramsey county to recover $25,000 damages for personal injuries sustained while employed by defendant. The answer denied negligence on the part of defendant's servants or employees other than plaintiff himself. The case was tried before Brill, J., and a jury which returned a verdict in favor of plaintiff for $2,500. Defendant's motion for judgment notwithstanding the verdict was denied and its motion for a new trial was granted. From an order denying defendant's motion for judgment notwithstanding the verdict, it appealed. Affirmed.

*M. L. Countryman,* for appellant.
*Samuel A. Anderson,* for respondent.

BROWN, J.

Action for personal injuries, in which plaintiff had a verdict. Defendant thereafter moved in the alternative for judgment notwithstanding the verdict or a new trial. The court granted a new trial, but denied the motion for judgment.

Plaintiff was in the employ of defendant in the capacity of switchman, and at the time of the injuries complained of was engaged in switching cars in defendant's yards in the city of St. Paul. Plaintiff claims to have been thrown from the top of a box car, upon which he was riding for the purpose of bringing it to a stop opposite the

[1]Reported in 126 N. W. 627.

door of a warehouse adjoining the track, by reason of the sudden stopping of the car by the engineer in charge of the engine to which it was attached, without waiting for a proper signal so to do. There is no controversy about the facts, save the one essential point, Did the engineer receive a signal to stop the car, and, if so, from whom?

It is claimed that plaintiff had sole charge of placing this particular car, and that as it approached the warehouse he stationed himself near the outer edge thereof for the purpose of locating the proper stopping point; that the engineer had no right to bring the car to a stop, except upon a signal from him; that plaintiff gave no signal, and was not prepared for the stop when it came, and in consequence fell from the car and was injured. The engineer claims to have received a signal from plaintiff, and that he complied therewith. This presented the sole issue of fact upon the trial, and the court so charged the jury. There is a square conflict in the evidence upon the question, and in view of the conclusion reached by the trial court, that the issue should go to another jury, we are not justified in reversing his order in the premises and directing judgment finally disposing of the case. The circumstances disclosed by the evidence, and the inferences to be drawn from the facts testified to, are not so far conclusive against plaintiff's right of recovery as to warrant this court in thus ending the case.

Order affirmed.